Good morning, Your Honor. If it please the Court, Merrilee Marshall for Petitioner-Parks. This case cries out for an evidentiary hearing on the issue of what happened to the mysterious witness that was in the back of the car the night that my client was arrested. The magistrate feels that since we can't find this mysterious Carlos and tell the Court what he would have said, that it's futile to order a hearing. However, there's more to it than just what he would have said. We don't know what he would have said. We do know that there is something extremely wrong with the police procedure. His identification wasn't taken down. The street doesn't exist in Pomona. We have looked high and low for any possible individual with that name in that area. And true, it is a number of years later. But I think at an evidentiary hearing, we would be entitled to question the police procedure that evening and the following morning and what it was they had in mind with releasing this individual. A Mejia motion would perhaps, even if he wasn't found... He was booked, wasn't he? He was booked. Was his picture taken? We have no picture. There was no picture in trial counsel's file. Well, that doesn't mean that he'd take his picture. They might well have taken his picture. Many things we could find out if we had discovery procedures, which we don't have in State court until an evidentiary hearing is ordered or ordered to show cause issue. And the State court is never given. It's a hearing. I think it goes a little beyond. I mean, it is true that occasionally in Federal court on habeas, I have asked for discovery of files that I know to be in possession of the State. But in this case, we're talking about actually questioning law enforcement officers as to their procedure and what happened and why. I mean, I have theories. There's speculation as to why he was released. I just feel that it's an unfair burden to put upon us at this point to prove what this person would have said in order to entitle us to an evidentiary hearing. We can only assume that his testimony would have been consistent with that of Ms. Ware. Or we can assume that, for whatever reason, perhaps his testimony would have been more exculpatory and that's why he was released. Yeah. So I would just ask the Court to remand this and ask the district court to give us an evidentiary hearing where we can do the appropriate discovery that the State's not permitted us to do. Counsel didn't ask for a hearing, is that right? No, he did not, Your Honor. And I can't see any possible reason or tactical reason. I asked him if he ever attempted to locate Mr. Sandoval, and he said, no, I did not. And so in the absence of locating him and finding that he said something negative, he couldn't have done poorly by requesting information, because for one thing else, he might have secured a jury instruction that we could assume, since the State failed to preserve Mr. Sandoval, that his testimony would have been favorable to the defense. And this was a close case, because the jury did not believe that my client was selling drugs. They convicted him only of simple possession. So I — and that — that conviction is presumably based on the rock that he was supposedly dropped when he got out of the car. Now — When the — when the appeal came back to the trial court, your client was in prison or in jail? He was in prison. He what? He was in prison already. He was in prison? When it came back for a remand for resentencing. The resentencing remand? I don't remember what would be on my proof of service, though. I think he's been in the same — the same prison — Tehachapi he is in now. How long had he been there? Oh, about a year, maybe a year and a half. And that's another point, Your Honor, I don't mean to interrupt you, but a lot of times when a person has been in prison and they have an opportunity for a resentencing, they've done something in prison that might be helpful to the judge, especially given the fact that one of the priors, the bank — the Federal bank robbery was termed not to be a violent prior or insufficient evidence that it was. The court might well have had some more information to consider about what he'd been doing in prison. I have one case, for example, where somebody was a hero in a fire. You don't argue that the fact that — that if he had been present at the resentencing or the — however, maybe you want to call it, that the trial judge may have taken a look at him and reduced sentence because he had been in prison for a year and a half. I thought he might. It's a possibility that — You don't argue that. Excuse me? You don't argue that in your brief. I believe that we did argue that he could have made another Romero motion. But his mere presence may have caused the trial judge to reduce sentence. That's a good point, just looking at him, perhaps. I just felt that him being there, he might have — I think I said he might have said something or his counsel might have said something on his behalf. Did he look any different a year and a half later? Probably not significantly, but perhaps a little more humbled. I felt he's not an arrogant sort of individual to begin with. He's very polite and pleasant. So I don't know that his demeanor would necessarily have been different. But if he had had a very good record while he was in prison, I think it would have affected the judge, especially given the fact that he had one less prior to strike at this point, which is significant to me. But he still had three. Well, no, he would have had two. They struck — Well, he had two, wasn't he? Yeah, so he would have only had to strike one, whereas he would have had to strike two under our sentencing scheme. The judge was pretty strong in his statement when he refused to strike priors earlier on in the proceedings. Which we don't know, actually. Is that correct? He was pretty strong. Judge Milton does tend to talk that way, but you never know. I mean, you just can't say what might have happened. I mean, if the court's saying that we need to show prejudice by him not being there, that's a different matter. I think he had a right to be there. And if he was there — You're saying there was no prejudice? No, I'm saying there's — the prejudice is unfathomable. How can we show prejudice because we don't know what would have happened? I know that he would be missing one less prior, and the judge would have only had to strike one. And as I said, if he'd been a good prisoner, that might have been enough to sway him. You know, we're talking about 25 to life for possession of one rock, which I don't think it would take too much to sway a judge on that kind of case. Could I save a little time for rebuttal unless the Court has questions? Sure, sure. Thank you. May it please the Court, Deputy Attorney General Noah Hill, on behalf of Respondent. With respect to Petitioner's claim that an evidentiary hearing should occur in this case, Respondent would disagree. Not only would an evidentiary hearing in this case be futile, but Petitioner's not entitled to an evidentiary hearing. Petitioner failed to present the factual basis for his claim. The factual basis of his claim in State court. There was never any showing made in State court that trial counsel for Petitioner failed to locate or interview Carlos Sandoval. Now, it is true that here in this proceeding, counsel for Petitioner has put forth a declaration. Is there anything in the record that indicates why the trial judge did not order the State to bring that defendant back to him at the resentencing? What was his reason for not having the defendant there? Well, Your Honor, the remand was for the limited purpose. My question is, what was his reason? The judge spoke, or did he speak, why he didn't have the defendant there to resentence him back to the State prison? Your Honor, I am imagining that the reason that he did not order the presence of the Petitioner is because the action that he took benefited the Petitioner in the greatest extent that any action in that proceeding that the trial court could have taken. It was impossible to not reduce sentence just because the defendant was there, look in the judge in the eye? Yes, Your Honor. The remand was limited to impose. Well, he could make a motion to reopen it, couldn't he? No. The trial court loses jurisdiction of sentencing 120 days after sentencing occurs. The jurisdiction that is given back to the trial court by the court of appeal is strictly limited by the terms of the remitter, by the terms of the directive of the court of appeal. In this instance, the directive of the court of appeal was remand for determination whether to impose or to strike the one-year prison term enhancement. Are you telling me that the judge did not have the discretion to reduce the sentence? Under the three-strikes law, that is what I'm telling you, Your Honor. That is correct. He had no right. At that stage of the proceeding. To reduce that sentence. At that stage of the proceeding, given the remitter of. What case says that? A host of California cases say that. I would point this court to California Penal Code section 1170 subdivision D and the cases cited therein. I apologize I don't have a specific site to give this court at this instant. I'd be happy to provide this court with additional briefing on the issue if the court would so like. Well, I'd just like to know what goes on in a trial judge's mind when he tries a case and he sentences the defendant and there's an appeal. And the appeal court tells him to re-sentence the defendant. Why the defendant is not there? It just seems that ordinary common sense would tell you that he should have a body in front of him anyway. Rather than sentence on a piece of paper. To the extent that the sentence that was issued by the mechanism employed by the trial court was of the greatest possible benefit that the trial court could have given under the law to the defendant. The defendant's presence is not constitutionally required. And that's what happened in this instance. But you're saying that the remitter limited the trial court to modify the sentence or have the sentence reflect the fact that this other prior, apparently federal bank robbery offense was not a strike and couldn't be counted as such. And that had these other terms about the, you know, staying the proceedings and paying court costs and things like that. He's saying those were just purely ministerial functions that the trial court was to carry on? Frankly, it bothered me that it wouldn't take the trouble of having the defendant in front of him at the time of sentencing. I've never heard of this procedure before. I think there is. Is this common? Yes, Your Honor. It's very common. I think there are a number of different things that the court of appeal ordered the trial court to do. One was to ascertain whether or not the people wanted to retry the bank robbery strike, which the people opted not to retry. They're not going to retry the bank robbery strike? Correct. Because there were already the other two. No, he didn't set it back for a retrial, did he? Yes, Your Honor. The court of appeal remanded for multiple reasons. One was to find out whether or not the people wanted to retry the strike allegation. Number two was for to find out whether or not the trial court wants to impose or strike a prior prison trial. How were they going to retry it? Pardon me, Your Honor? How were they going to retry the bank robbery? Not a retrial. You're just talking about giving them the... Putting on proof of the prior conviction allegations. At the time of sentencing, right? It's often done in a sentencing hearing. Sometimes it's done in a separate proceeding regarding the truth of prior conviction allegations. In any event... They wouldn't have a retrial. Not a retrial of the bank robbery itself, Your Honor, of course. A retrial of the hearing on the prior conviction allegations. That's a trial, is it? It is. They're certainly referred to as a trial. You put on proof of the prior conviction in that situation. So perhaps I'm confusing the court with my parlance. But my point is that the remand was to allow the people to make that election, number one. Two, to permit the trial court to impose or strike the prior prison term enhancement. And, of course, the fines and the attendant fees that the court referred to. In the instant case, the Court of Appeal also said that... Well, did the Court of Appeal say anything about... Well, that it was remanded and that... Didn't the Court comment that the remaining priors mandated a 25-year-to-life sentence? That's correct, Your Honor. Which bolsters the Court of Appeal's conclusion that it's not necessary to remand for the purposes of a resentencing with respect to the three-strike sentence. The remand was for the limited purpose of allowing the trial court to determine whether or not to impose the one-year prior prison term enhancement. And certainly had the trial court imposed that one year... That was removed. That was removed. The defendant's rights would have, under those circumstances, been violated. But given that the trial court struck the enhancement, there's no violation whatsoever of the defendant's constitutional rights. Do you think it would have made a difference to the trial judge if the defendant was in County Jail rather than up in San Quentin? No, Your Honor. All he had to do was just call the sheriff, and in 20 minutes the defendant would have been in front of him. But up in San Quentin, it would take three days and nine people in order to get it done. It certainly would. I don't think... Do you think that would have made a difference to the judge? No. Well, why not? Because the trial court had, by its action, indicated that it was going to grant the defendant the utmost relief in this case, which was to strike the one-year prior prison term enhancement. There's certainly no point in bringing the defendant into the courtroom to do that exact same thing. When otherwise... I thought all justice was personal. You can't have justice without having personal justice, can you? Your Honor, justice occurs at a sentencing hearing. It occurs through an appeal. It occurs through revamp proceedings. It occurs through all of the things that the law embraces and finds are violative or not of a defendant's due process rights. Federal constitutional rights. In the instance case, there certainly is justice. The one-year prior prison term that was stayed improperly under California law was stricken to the defendant's benefit, whether he was present or not. Unless the Court has further questions, the Respondent would submit. Maybe we should change the California law. Give you something more to do. What's wrong with having somebody present as a human being in front of you when you're going to send him ultimately to prison for a large number of years? What's wrong with not requiring that person to be there? If this Court is suggesting... It's a question of justice. And those are valid and legitimate concerns when you are making determinations... The reason you send people to prison is to rehabilitate them. And here's a fellow up in prison who says I'm going to spend 20 years in prison and I don't even have a chance to talk. The judge sentenced me without my being there. I mean, that sounds like some foreign nation someplace. Thank you, Your Honor. All right. Very briefly, Your Honors. The fact that the court of appeals found that Judge Milton didn't abuse his discretion in opposing a 25-to-life sentence doesn't mean that that's an abuse of discretion standard. It doesn't mean that they divested him of the option of changing his mind. The court of appeals said resentencing. It didn't say correct the abstract to strike the prior. A lot of times we have judges that stay priors instead of striking them when they want to cut off a year. They said resentencing and they remanded for resentencing. And I believe that he was entitled to a resentencing. Thank you. Thank you. Thank you.
judges: B. Fletcher, Pregerson, Ferguson